## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____
                                          :
SELENA SHELLENBERGER,                     :
                                          :
         Plaintiff,                       :
                                          :
         v.                               :
                                          :
                                          :   Civil Action No. _____
                                          :
MIFFLINBURG BANK AND                      :
TRUST COMPANY                             :
250 East Chestnut Street                  :
Mifflinburg, PA  17844                    :
                                          :
and                                       :
                                          :
JEFFREY KAPSAR,                           :
INDIVIDUALLY                              :
                                          :
and                                       :
                                          :
WILLIAM BURD,                             :
INDIVIDUALLY                              :
                                          :
         Defendants.                      :
                                          :   JURY TRIAL DEMANDED
_____           :

## COMPLAINT FOR
## DECLARATORY, EQUITABLE, AND MONETARY RELIEF

Plaintiff, Selena Shellenberger (hereinafter "Ms. Shellenberger"), claims

damages upon a cause of action against the above-captioned Defendants,

Mifflinburg Bank and Trust Company, Jeffrey Kaspar, Individually, and William Burd, Individually, for sex discrimination, retaliation, and age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, Title VII of the Civil Rights Act, 42 U.S.C. 2000e *et seq.*, and the Pennsylvania Human Relations Act, whereof the following is a statement:

JURISDICTION

1.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, as a case arising under the laws of the United States. Jurisdiction is invoked pursuant to Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* which provides for original jurisdiction of Ms. Shellenberger's claims arising under the laws of the United States and over actions to recover damages and to

2.    On or about January 20, 2016, Ms. Shellenberger filed a complaint with the United States Equal Employment Opportunity Commission, Charge Number 846-2015-37349, which was dually filed with the Pennsylvania Human Relations Commission.

3.    On or about September 9, 2016, Ms. Shellenberger received her Notice of Right to Sue letter from the United States Equal Employment Opportunity Commission and filed the instant action in this Court within 90 days of her receipt.

4.  Therefore, Ms. Shellenberger has exhausted all administrative remedies and has taken all other steps necessary to bring this action before this Court.

## VENUE

5.  Paragraphs 1 through 4 are incorporated herein by reference as though set forth in full.

6.  The actions complained of herein occurred within the jurisdiction of this Court and involve a Defendant who resides within its jurisdictional limits.

7.  Venue is accordingly invoked pursuant to the dictates of 28 U.S.C. § 1391(b) and 1391(c) because one or more can be found in the Middle District of Pennsylvania and events or omissions giving rise to Plaintiff's claims have occurred in the Middle District of Pennsylvania.

## **PARTIES**

8.  Paragraphs 1 through 7 are incorporated herein by reference as though set forth in full.

9.  Plaintiff, Selena Shellenberger (hereinafter "Ms. Shellenberger") resides at 6521 Route 104, Mount Pleasant Mills, Snyder County Pennsylvania 17853 and was employed with Defendant Mifflinburg Bank and Trust Company, 250 East Chestnut Street, Mifflinburg, PA  17844 and its predecessors continuously from 1977 until July 28, 2015. After complaining of hostile work environment, age discrimination, and sex discrimination Ms.

Shellenberger was subject to adverse actions, including being fired from her position. She is a member of a protected class (sex- female; age- over forty) and engaged in protected EEO activity during her employment with Defendants.

10.   Defendant Mifflinburg Bank and Trust Company (hereinafter "Mifflinburg Bank") is a Pennsylvania entity, employees in excess of 15 employees, maintains a principal place of business at 250 East Chestnut Street, Mifflinburg, PA  17844. At all times relevant hereto, Defendant is engaged in commerce throughout the United States, employs in excess of 20 employees, is an employer pursuant to the Age Discrimination in Employment Act and the Pennsylvania Human Relations Act, is liable for Plaintiff's damages, and is responsible for the acts of its supervisory employees, including Jeffrey Kapsar and William Burd.

11.   Defendant Jeffrey Kaspar (hereinafter "Defendant Kaspar"), during times relevant hereto, has been employed as the President and CEO of Mifflinburg Bank & Trust. In his position as President and CEO, either individually, or in conjunction with others, Defendant Kapsar has the authority to hire, fire, demote, transfer, or discipline Ms. Shellenberger, to set work schedules and pay rates, or to make other decisions that would affect the terms and conditions of Ms. Shellenberger's employment.  He is being named in his

individual capacity for aiding and abetting in discrimination and retaliation under the Pennsylvania Human Relations Act.

12. Defendant William Burd (hereinafter "Defendant Burd"), during times relevant hereto, has been employed as the Loan Operations Manager at Mifflinburg Bank & Trust. In his position as Loan Operations Manager, either individually, or in conjunction with others, Defendant Burd has the authority to hire, fire, demote, transfer, or discipline Ms. Shellenberger, to set work schedules and pay rates, or to make other decisions that would affect the terms and conditions of Ms. Shellenberger's employment.  He is being named in his individual capacity for aiding and abetting in discrimination and retaliation under the Pennsylvania Human Relations Act.

## FACTUAL ALLEGATIONS

13. Paragraphs 1 through 12 are incorporated herein by reference as though set forth in full.

14. Plaintiff, Selena Shellenberger, was successfully employed  with the Defendant Mifflinburg Bank and Trust Company from May 12, 1977 through July 28, 2015.

15. Ms. Shellenberger is a member of a protected class (age - over forty and sex –female).

16. At the time of her hire in 1977, Ms. Shellenberger worked for the Bank as a

Teller.

17.   Due to her excellent work performance, Ms. Shellenberger was promoted from her Teller position, including to the Assistant Loan Operations Manager.

18.   In her position as the Assistant Loan Operations Manager, Ms. Shellenberger earned $17.21 per hour plus benefits.

19.   Ms. Shellenberger worked 38 hours per week.

20.   Her direct supervisor at the time of her discharge was William Burd (sex-male).

21.   Defendant Burd was hired as the Loan Operations Manager to take the place of Rebecca Bingaman, who had left the bank because of unfair treatment.

22.   Soon after Mr. Burd became the Loan Operations Manager in 2014, he began hiring significantly younger women in their twenties for positions under his supervision:  Amber Bierly (age 25) and Brynne Clawser (age 21)

23.   Additionally, Mr. Burd promoted Rachel Phelps (age 29) from a Teller position into a Loan Processing position within days of his promotion to a management position.

24.   Older employees within the bank had applied for the open positions; however, Defendant Burd was permitted to hire younger, untrained employees.

25. Older employees, including Ms. Shellenberger, were negatively referred to as "seasoned" employees.

26. Mr. Burd also supervised Joyce Tjaden (age 65); Lisa Sprenkle (age 48); along with Ms. Shellenberger (age 55 at the time of her termination).

27. Mr. Burd was supervised by the President and CEO of Middleburg Bank & Trust, Defendant Jeffrey Kapsar, as well as Andrea Long, the Bank's Human Resources Director.

28. Defendant Burd gave preferential treatment to the younger female employees that he hired, oftentimes taking them out for lunch and not disciplining them for violations of work policies.

29. On a daily basis, Defendant Burd would engage in non-bank related conversations with the younger employees, giggling with them, talking about weekend plans, and movies.

30. A division was created in the Loan Department between the "young girls" and the "seasoned leftovers", referring to Ms. Shellenberger, Lisa Sprenkle, and Joyce Tjaden, all of whom were long-term employees of the Bank and over the age of 40.

31. In July of 2015, Ms. Shellenberger went to Andrea Long in the Bank's Human Resources Department to complain of disparate treatment incuding that male co-workers were being given preferential treatment and treating

her with disrespect.

32. Soon after complaining, Defendants fired Ms. Shellenberger on July 28, 2015 for allegedly violating a Bank policy.

33. Ms. Shellenberger was called into William Burd's office on July 28, 2015 at 4:45 p.m.

34. In Mr. Burd's office was Andrea Long, Director of Human Resources.

35. They informed Ms. Shellenberger that they found emails that were not bank related to a non-bank employee that contained customer information and as a result, she was being terminated from her position.

36. Defendants' reason for firing Ms. Shellenberger is a pretext for discrimination and retaliation.

37. The Defendant Bank treated younger and/or male employees more favorably and did not fire them for alleged policy violations.

38. For instance, Don Hepburn (sex – male) was caught looking at male pornography on his bank computer.

39. While his internet privileges were temporarily suspended, Don Hepburn was not fired as Ms. Shellenberger was.

40. Don Hepburn harassed a female employee to the point where she was hospitalized, had to take medications, and was forced to retire.

41. Don Hepburn was also an authorized signer on a customer's account and

accepted the use of a customer's vacation home in the Caymen Islands several times a year.

42.   Again, Mr. Hepburn violated many of the Bank policies yet continues to be employed.

43.   Additionally, the younger employees in the Loan Department had intentionally violated the social media policy, posting negative comments about the Bank on their Facebook pages during working hours.

44.   These social media postings included Amber Bierly writing on her Facebook page that it was "just another shitty day at the bank" and Brynne Clawser posting a reply, during working hours, about "fart bombs."

45.   Additionally, on July 2, 2015, Amber Bierly posted to Facebook during working hours regarding a training being held at the Bank that morning, writing that she and Brynne were going to "teach those attorneys a thing or two."

46.   None of the younger employees were fired or disciplined.

47.   Additionally, Defendants' reason for firing Ms. Shellenberger is a pretext for discrimination and retaliation because she was a successful performer, working for the bank since she was in high school.

48.   Indeed, Defendant Jeff Kapsar called Ms. Shellenberger on July 15, 2015, just weeks before she was fired, to thank her for her work performance and

award her a $1,000 bonus for her suggestion about overdraft fees.

49.    At that time, Ms. Shellenberger informed Defendant Jeff Kapsar of the problems in her department; he responded that he "thought everything was running smooth," that he did not know there were problems, and that he had never heard a negative thing about her.

50.    The termination of Ms. Shellenberger's lifelong employment has had a profound, significant economic loss to her.

51.    After being fired, Ms. Shellenberger applied for unemployment compensation benefits.

52.    The Bank contested Ms. Shellenberger's application for benefits, claiming she willfully violated the Bank's policies.

53.    A hearing was held before an unemployment compensation referee in September 2015.

54.    During the hearing, the Bank's employees testified under oath, including Defendant William Burd.

55.    The Defendants' employees testified that the sending of the emails was a mistake and not done intentionally by Ms. Shellenberger.

56.    The unemployment compensation referee also found that Ms. Shellenberger was not aware that she had sent personal information regarding a customer to an individual.

57. Furthermore, Defendant William Burd testified that there were problems in the Loan Department between the older employees, like Ms. Shellenberger, and the younger employees, and he did not know how to solve the problems.

58. As a result, he decided to terminate Ms. Shellenberger, one of the older employees.

59. Despite her efforts, Ms. Shellenberger has not been able to obtain a comparable position earning similar pay and benefits.

60. Ms. Shellenberger continues to suffer greatly of the harassment, discrimination, retaliation, and hostile work environment, suffering compensatory damages and economic harm.

61. As a result of Defendants' retaliatory, hostile, and discriminatory actions against Ms. Shellenberger because of her sex, age, and protected activity, she has suffered greatly, including but not limited to, loss of her employment status, loss of her wages and benefits, loss of her enjoyment of life, physical and emotional injuries, and loss of her reputation.

## COUNT I

**Sex Discrimination in Violation of
Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.***

### *Against Defendant Mifflinburg Bank & Trust*

62. Paragraphs 1 through 61 are incorporated herein by reference as though set forth in full.

63.   Ms. Shellenberger is a member of a protected class, sex - female.

64.   Defendants were aware of Ms. Shellenberger's sex.

65.   Ms. Shellenberger was qualified to perform her position as an Assistant Loan Manager with the Defendant Mifflinburg Bank and Trust Company, as evidence by her lifelong employment with the Bank.

66.   On July 28, 2015, Ms. Shellenberger was subject to an adverse action— termination of her employment for allegedly violating a bank policy.

67.   Ms. Shellenberger did not violate a bank policy.

68.   Male employees who regularly and intentionally violated bank policies were not fired as Ms. Shellenberger was, as is more fully outlined herein.

69.   As a result of the sex discrimination, Ms. Shellenberger suffered damages, including lost wages, damage to her earning capacity, compensatory damages and injury.

70.   By participating in and/or causing the negative working conditions and the above-described adverse workplace actions, Defendants have violated Title VII of the Civil Rights Act.

71.   Defendants' violations of Title VII of the Civil Rights Act were wanton, willful and malicious.

72.   As a result of Defendants' willful sex discrimination in violation of Title VII of the Civil Rights Act, Ms. Shellenberger has suffered damages, including

loss of reputation, loss of pay and benefits, loss of future income and growth opportunities, damage to her career, severe stress and anxiety, loss of happiness and well-being, and other emotional distress and compensatory damages.

73. Defendant engaged in the conduct as fully set forth above and incorporated herein by reference with malice and/or intentional indifference to Ms. Shellenberger's statutory civil rights protected by federal law.

74. The acts complained of were extreme and outrageous, and were engaged in with malice and/or reckless indifference to Ms. Shellenberger's well being, thereby entitling her to punitive damages.

75. Thus, Defendant willfully violated Title VII of the Civil Rights Act by subjecting Ms. Shellenberger to sex discrimination and is liable to Ms. Shellenberger for monetary, compensatory, and punitive damages, along with attorneys' fees and costs.

## COUNT II

### Sex Discrimination in Violation of the
### Pennsylvania Human Relations Act, 43 Pa.C.S.A. 951 *et seq.*

### *Against All Defendants Collectively and Individually*

75. Paragraphs 1 through 74 are incorporated herein by reference as though set forth in full.

76. Ms. Shellenberger is a member of a protected class, sex - female.

77.   Defendants were aware of Ms. Shellenberger's sex.

78.   Ms. Shellenberger was qualified to perform her position as an Assistant Loan Manager with the Defendant Mifflinburg Bank and Trust Company, as evidence by her lifelong employment with the Bank.

79.   On July 28, 2015, Ms. Shellenberger was subject to an adverse action, termination of her employment,  for allegedly violating a bank policy.

80.   Ms. Shellenberger did not violate a bank policy.

81.   Male employees who regularly and intentionally violated bank policies were not fired as Ms. Shellenberger was, as is more fully outlined herein.

82.   As a result of the sex discrimination, Ms. Shellenberger suffered damages, including lost wages, damage to her earning capacity, compensatory damages and injury.

83.   By participating in and/or causing the negative working conditions and the above-described adverse workplace actions, Defendants have violated the PHRA.

84.   Defendants' violations of the PHRA were wanton, willful and malicious.

85.   As a result of Defendants' willful sex discrimination in violation of the Pennsylvania Human Relations Act, Ms. Shellenberger has suffered damages, including loss of reputation, loss of pay and benefits, loss of future income and growth opportunities, damage to her career, severe stress and

anxiety, loss of happiness and well-being, and other emotional distress and compensatory damages.

86. Defendants engaged in the conduct as fully set forth above and incorporated herein by reference with malice and/or intentional indifference to Ms. Shellenberger's statutory civil rights protected by state law.

87. The acts complained of were extreme and outrageous, and were engaged in with malice and/or reckless indifference to Ms. Shellenberger's well being, thereby entitling her to damages.

88. Thus, Defendants willfully violated the PHRA by subjecting Ms. Shellenberger to sex discrimination and are liable to Ms. Shellenberger for damages, including monetary and compensatory damages, along with attorneys' fees and costs.

## <u>COUNT III</u>

### Age Discrimination – in Violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621 *et seq.*

### *Against Defendant Mifflinburg Bank & Trust*

89. Paragraphs 1 through 88 are incorporated herein by reference as though set forth in full.

90. Defendant violated the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, by discriminating against Ms. Shellenberger because of her age (age 55 at the time of her termination).

91.   At the time of her termination from employment, Ms. Shellenberger was a member of a protected class (age – over forty).

92.   Ms. Shellenberger was qualified to perform her position as an Assistant Loan Manager with Defendant as evidenced by her successful, life-long career and satisfactory performance with the Defendant Bank.

93.   During her employment, Ms. Shellenberger was subject to disparate treatment because of her age, including being fired from her position and replaced with a substantially younger employee, as more fully outlined herein.

94.   Ms. Shellenberger's age—55—was a determinative factor in the Defendant's decision to fire her.

95.   Defendant has a pattern and practice of discriminating against older employees because of their age including Ms. Shellenberger.

96.   Therefore, Defendant discriminated against Ms. Shellenberger because of her age in violation of the Age Discrimination in Employment Act.

97.   Defendant's violations of the ADEA were wanton, willful, and malicious.

98.   Defendant engaged in the discriminatory conduct as fully set forth above and incorporated herein by reference with malice and/or intentional indifference to Ms. Shellenberger's statutory civil rights protected by federal and state law.

99.  As a direct and proximate result of Defendant's actions and omissions, Ms. Shellenberger has suffered and will continue to suffer loss of employment, lost wages, lost bonuses, damage to her career and earning capacity, mental anguish, anxiety, personal humiliation, painful embarrassment, disruption of her personal life, and loss of enjoyment of life.

100.  The acts complained of were extreme and outrageous, and were engaged in with malice and/or reckless indifference to Ms. Shellenberger's well being, thereby entitling her to liquidated damages.

### COUNT IV

**Age Discrimination – in Violation of the
Pennsylvania Human Relations Act, 43 Pa.C.S.A. §951 *et seq.***

***Against All Defendants, Collectively and Individually***

101.  Paragraphs 1 through 100 are incorporated herein by reference as though set forth in full.

102.  Defendants violated the Pennsylvania Human Relations Act by discriminating against Ms. Shellenberger because of her age (age 55 at the time of her termination).

103.  At the time of her termination from employment, Ms. Shellenberger was a member of a protected class (age – over forty).

104. Ms. Shellenberger was qualified to perform her position as an Assistant Loan Manager with Defendants as evidenced by her successful, life-long career and satisfactory performance with the Bank.

105. During her employment, Ms. Shellenberger was subject to disparate treatment because of her age, including being fired from her position and replaced with a substantially younger employee, as more fully outlined herein.

106. Ms. Shellenberger's age—55—was a determinative factor in the Defendants' decision to fire her.

107. Defendants have a pattern and practice of discriminating against older employees because of their age including Ms. Shellenberger.

108. Therefore, Defendants discriminated against Ms. Shellenberger because of her age in violation of the Pennsylvania Human Relations Act.

109. Defendants' violations of the PHRA were wanton, willful, and malicious.

110. Defendants engaged in the discriminatory conduct as fully set forth above and incorporated herein by reference with malice and/or intentional indifference to Ms. Shellenberger's statutory civil rights protected by federal and state law.

111. As a direct and proximate result of Defendants' actions and omissions, Ms. Shellenberger has suffered and will continue to suffer loss of employment,

lost wages, lost bonuses, damage to her career and earning capacity, mental anguish, anxiety, personal humiliation, painful embarrassment, disruption of her personal life, and loss of enjoyment of life.

112.   The acts complained of were extreme and outrageous, and were engaged in with malice and/or reckless indifference to Ms. Shellenberger's well being, thereby entitling her to liquidated damages.

## COUNT V

**Retaliation –  in Violation of Title VII of the Civil Rights Act,
42 U.S.C. §2000e *et seq.***

### *Against Defendant Mifflinburg Bank & Trust*

113.   Paragraphs 1 through 112 are incorporated herein by reference as though set forth in full.

114.   During her employment with the Defendants, Ms. Shellenberger asserted her rights under federal and state law to work with Defendant in a non-discriminatory, non-retaliatory environment.

115.   When Ms. Shellenberger asserted her rights under federal and state law, Defendant had actual notice of her basis for a discrimination complaint.

116.   After complaining to Defendant, Ms. Shellenberger suffered illegal retaliation by Defendant and its employees, including termination of her employment, as more fully outlined above, which was materially adverse to a reasonable employee.

117.   Ms. Shellenberger repeatedly warned Defendant that she was being subjected to discrimination in the form of unfair and disparate practices and being subjected to a hostile work environment by Defendant.

118.   Defendant failed or refused to investigate, alleviate, or eliminate the discrimination being practiced against Ms. Shellenberger despite her complaints thereof.

119.   The acts and omissions described herein were illegally motivated by Ms. Shellenberger engaging in protected activity and/or being a member of a protected class (female).

120.   Additionally, the retaliation negatively affected the terms, conditions, and privileges of Ms. Shellenberger's employment with Defendant.

121.   Defendant's actions against Ms. Shellenberger, as more fully outlined above, were harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination.

122.   Defendant has violated Title VII of the Civil Rights Act in retaliating against Ms. Shellenberger for asserting her rights under federal and state law.

123.   As a result of Defendant's willful violations of Title VII, Ms. Shellenberger has suffered damages, including loss of reputation, loss of wages and benefits, loss of future income and growth opportunities, damage to her career, and loss of happiness and well-being.

124. By participating in and/or causing the negatively-changed working conditions and the above-described adverse workplace actions Defendant has violated Title VII of the Civil Rights Act, 42 U.S.C. 2000e, *et seq*.

125. Defendant's violations of Title VII of the Civil Rights Act were wanton, willful and malicious.

126. Defendant engaged in the retaliatory conduct as fully set forth above and incorporated herein by reference with malice and/or intentional indifference Ms. Shellenberger's statutory civil rights protected by federal and state law.

127. Thus, Defendant Bank willfully violated the Title VII when it retaliated against Ms. Shellenberger and is liable to Ms. Shellenberger for equitable relief, economic, compensatory and punitive damages, along with attorneys' fees and costs.

## <u>COUNT VI</u>

**Retaliation – in Violation of the Pennsylvania Human Relations Act, 43 Pa.C.S.A. §951 *et seq*.**

*Against All Defendants, Collectively and Individually*

128. Paragraphs 1 through 127 are incorporated herein by reference as though set forth in full.

129. During her employment with the Defendants, Ms. Shellenberger asserted her rights under federal and state law to work with Defendants in a non-discriminatory, non-retaliatory environment.

130. When Ms. Shellenberger asserted her rights under federal and state law, Defendants had actual notice of her basis for a discrimination complaint.

131. After complaining to Defendants, Ms. Shellenberger suffered illegal retaliation by Defendants and its employees, including termination of her employment, as more fully outlined above, which was materially adverse to a reasonable employee.

132. Ms. Shellenberger repeatedly warned Defendants that she was being subjected to discrimination in the form of unfair and disparate practices and being subjected to a hostile work environment by Defendants.

133. Defendants failed or refused to investigate, alleviate, or eliminate the discrimination being practiced against Ms. Shellenberger despite her complaints thereof.

134. The acts and omissions described herein were illegally motivated by Ms. Shellenberger engaging in protected activity and/or being a member of a protected class (female).

135. Additionally, the retaliation negatively affected the terms, conditions, and privileges of Ms. Shellenberger's employment with Defendants.

136. Defendants' actions against Ms. Shellenberger, as more fully outlined above, were harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination.

137. Defendants have violated the PHRA in retaliating against Ms. Shellenberger for asserting her rights under federal and state law.

138. As a result of Defendants' willful violations of the PHRA, Ms. Shellenberger has suffered damages, including loss of reputation, loss of wages and benefits, loss of future income and growth opportunities, damage to her career, and loss of happiness and well-being.

139. By participating in and/or causing the negatively-changed working conditions and the above-described adverse workplace actions Defendants have violated the Pennsylvania Human Relations Act.

140. Defendants' violations of the PHRA were wanton, willful and malicious.

141. Defendants engaged in the retaliatory conduct as fully set forth above and incorporated herein by reference with malice and/or intentional indifference Ms. Shellenberger's statutory civil rights protected by federal and state law.

142. Thus, Defendants willfully violated the Pennsylvania Human Relations Act when they retaliated against Ms. Shellenberger and are liable to Ms. Shellenberger for all relief including equitable relief, economic relief, compensatory damages, along with attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Selena Shellenberger, respectfully requests that this Court enter judgment in her favor and against the Defendants and direct the following relief:

1.   For a judgment declaring Defendant Mifflinburg Bank & Trust violated the Age Discrimination in Employment Act, Title VII of the Civil Rights Act, and their state counterparts;

2.   For a money judgment representing damages, including lost wages and benefits, back pay, future lost wages and front pay, punitive and/or liquidated damages, and all other sums of money, including retirement benefits and other employment benefits, to the extent available, together with interest thereon for the Defendants' willful violations of the Age Discrimination in Employment Act, Title VII of the Civil Rights Act, and the Pennsylvania Human Relations Act;

3.   For a money judgment representing prejudgment interest;

4.   For an Order directing Defendants to restore Ms. Shellenberger to her position and to make her whole;

5.   That the Court retain jurisdiction over this action until the Defendants have fully complied with the Orders of this Court and that the Court require Defendants to file such reports as may be necessary to supervise such compliance;

6.   For the costs of suit, including an award of reasonable attorneys' fees;

7.     Fine Defendants for their violations of the Age Discrimination in Employment Act and the Pennsylvania Human Relations Act;

8.     For such other and further relief as may be just and proper, including all relief afforded to victims of discrimination under Title VII of the Civil Rights Act, the Age Discrimination in Employment Act, and the Pennsylvania Human Relations Act.

**JURY TRIAL DEMANDED.**

RESPECTFULLY SUBMITTED

SELENA SHELLENBERGER

BY AND THROUGH HER ATTORNEYS

/s/ Lisa Matukaitis

_____

Lisa Matukaitis, Esq.
PA Bar ID: #202467
Matukaitis Law LLC
104 STATE STREET
HARRISBURG, PA  17101
Ph. 717.412.7759
Fax 717.412.7764
lm@matlawllc.com
www.matlawllc.com

Dated:  October 11, 2016